IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01440-BNB

SYLVIA A. SEGLER,

      Plaintiff,

v.

THE ROSS MANAGEMENT GROUP, INC., and
MARY CELESTE, In her official capacity as County Court Judge of Denver County
Court,

      Defendants.

---

## ORDER OF DISMISSAL

---

    Plaintiff, Sylvia A. Segler, is a resident of Denver, Colorado.  Acting *pro se*, Ms.

Segler initiated this action by filing a Complaint and a Motion and Affidavit for Leave to

Proceed Pursuant to 28 U.S.C. § 1915.  On June 5, 2012, Magistrate Judge Boyd N.

Boland granted Ms. Segler's request for leave to proceed *in forma pauperis*.

    The Court must liberally construe the Complaint because Ms. Segler is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Complaint reasonably can be

read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so

despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not act as an

advocate for a *pro se* litigant.  *See id.*

Ms. Segler asserts a violation of her Fourteenth Amendment rights under 42 U.S.C. § 1983.  In general, Ms. Segler asserts that Defendant Ross Management Group, Inc., filed an illegal FED (Forcible Entry and Detainer) action against her for the purpose of eviction and that the Denver County Court granted possession to the Ross Management Group without a hearing.  Ms. Segler further asserts that the county court subsequently vacated the eviction ruling and the case was dismissed in October 2011, but that on May 9, 2012, Ross Management filed a motion regarding the dismissed FED action.  Ms. Segler further asserts that pursuant to the motion the court held a hearing without notifying her, again placed an eviction notice on her door on May 16, 2012, and barred her attempt to appeal the eviction.  Based on these actions, Ms. Segler contends Ross Management and Judge Mary Celeste violated her Fourteenth Amendment rights. She seeks money damages and declaratory and injunctive relief.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.  The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings.  *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).  "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction."  *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court has examined the Complaint filed in this action and finds that the Court lacks subject matter jurisdiction.  Ms. Segler may not challenge the Denver Court eviction proceeding in this action.  This is because the *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack

2

jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest

3

court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

As noted above, Ms. Segler is challenging the judgment entered against her in Denver District Court Case No. 2011C70140. Review of the claims Ms. Segler raises in this action would require the Court to review the state court judgment. Therefore, the Court finds that the Complaint must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986).

In addition, Defendant Judge Mary Celeste is absolutely immune from liability in civil rights suits when she is acting in her judicial capacity, unless she acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge Celeste's involvement in Ms. Segler's state court proceeding are actions taken in her judicial capacity. There is no indication that Judge Celeste was acting in the clear absence of all jurisdiction. Therefore, the claims Ms. Segler asserts against Judge Celeste also are barred by absolute judicial immunity.

Nonetheless, the Court will dismiss the action for lack of subject matter jurisdiction. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. Segler files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

4

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that Ms. Segler's "Emergency Motion for Immediate Stay of Eviction Pending Disposition of Plaintiff's Complaint Asserting Violation of Civil Rights Pursuant to 42 U.S.C. § 1983," ECF No. 4, and her "Append of Emergency Motion for Immediate Stay of Eviction Which is now Set for Monday, June 11, 2012," ECF No. 6, are denied as moot.

DATED at Denver, Colorado, this __7th__ day of ____June_____, 2012.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

5